IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cathy H. Bradford, ) | Civil Action No.: 4:08-cv-02085-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Conbraco Industries, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

In this employment case, the Plaintiff alleges causes of action for gender discrimination, retaliation, and sexual harassment in violation of Title VII of the Civil Rights Act of 1964; and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). This matter is before the Court upon Plaintiff's objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge recommends that the Court grant the Defendant's Motion for Summary Judgment [Docket # 31].

**Procedural History and Factual Background**

The Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission on July 17, 2007. She received her Notice of Right to Sue on April 16, 2008. This case was initiated on June 2, 2008. On June 15, 2009, the Defendant filed a motion for summary judgment. The Plaintiff filed a response in opposition on July 20, 2009. Subsequently, the Defendant filed a reply to the Plaintiff's response in opposition. On February 12, 2010, the Magistrate Judge issued the R&R, recommending that the Defendant's Motion for Summary

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling.

Judgment be granted. The Plaintiff filed timely objections to the R&R, and this matter is ripe for review.

The facts in this case are clearly and accurately summarized in the Magistrate Judge's R&R and do not need to be restated here. The Court hereby incorporates by reference pages one through nine of the R&R. *Report and Recommendation*, pp.1-9 [Docket #48].

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

**I.** In her first objection, the Plaintiff states "[t]he Magistrate erred in finding that Plaintiff failed to show her job performance was satisfactory as to the Gender and Age Discrimination claims." *Plaintiff's Objections,* p.2. In order to establish a *prima facie* case of gender or age

2

discrimination, one of the things that the Plaintiff must demonstrate is that she was performing her job duties at a level that met her employer's legitimate expectations. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.,* 354 F.3d 277, 298 (4th Cir. 2004); *Causey v. Balog,* 162 F.3d 795, 802 (4th Cir. 1998) (requiring proof that the employee "was qualified for the job *and* met the employer's legitimate expectations") (emphasis added). "[B]ecause a plaintiff must show by a preponderance of the evidence that [s]he met the employer's legitimate job expectations to prove [her] prima facie case, the employer may counter with evidence defining the expectations as well as evidence that the employee was not meeting those expectations." *Warch v. Ohio Cas. Ins. Co.,* 435 F.3d 510, 515-16 (4th Cir. 2006).

The record reflects that the Plaintiff exhibited a number of performance problems from the outset of her employment in her new role as calibration lab clerk:

> On one occasion, Jacob provided Plaintiff with a sample document and asked her to create a form document for the calibration lab's use based upon the information contained in the sample. Plaintiff was unable to accomplish the task. Jacob Dec. ¶ 13; Cellemme Dec. ¶ 13.
>
> In a similar vein, Jacob asked Plaintiff to create a chart using the Microsoft Excel computer program so that certain calibration data could be systematically analyzed and tracked. Plaintiff was unable to do so despite representing in her job interview that she was proficient in using the Excel program. Jacob Dec. ¶ 13; Cellemme Dec. ¶ 13.
>
> In February 2007, Defendant's largest customer complained that Plaintiff acted in a rude and unprofessional manner when responding to the customer's inquiries. The customer was so upset that (I) one of the calibration lab technicians had to intervene and address the customer's concerns and (ii) following the customer's complaint, Jacob held a special meeting with the customer to ensure that the customer continued to do business with Defendant. Jacob Dec. ¶ 14; Plaintiff Dep. 126-27, 172-74; Cellemme Dec. ¶ 13; Gale Aff. ¶ 6; Elizondo Aff. ¶ 4.

3

> Plaintiff also wrongly billed customers for gauge calibrations not actually performed and for calibrations performed for other customers. The billing errors were embarrassing to Defendant and required extra effort and work to correct. Jacob Dec. ¶ 14.

The foregoing events are evidence that the Plaintiff was not meeting her employer's legitimate expectations. The Plaintiff does not specifically dispute that she experienced problems carrying out her duties as calibration lab clerk; rather, she claims that she was not apprised of her shortcomings prior to her probationary review meeting and therefore concludes her performance must have been satisfactory. Specifically, the Plaintiff argues that she completed work in both Microsoft Word and Microsoft Excel for her supervisor prior to her probationary meeting, and her supervisor never mentioned performance problems as to the Plaintiff's computer skills prior to this meeting. Her supervisor claims that, during this meeting, he informed the Plaintiff that her job performance was unsatisfactory because she lacked the requisite computer skills needed to successfully perform her job, and that he was extending her probationary period up to an additional 30 days. Jacob Dec. ¶ 17; *see* Kirchin Dec. ¶ 21; Cellemme Dec. ¶ 13. The Plaintiff testified that her supervisor did not address her computer skills during the meeting. Plaintiff Dep. 62-67, 121-29. Nonetheless, the Plaintiff admits that her supervisor made it clear that she would not be working in the lab at the end of that time period. *Id.*

The Plaintiff also argues that she was "trainable" and should have been trained if her performance was lacking. However, this subjective belief is insufficient to show that her job performance was satisfactory. *See Hawkins v. PepsiCo, Inc.,* 203 F.3d 274, 280 (4th Cir. 2000) (disregarding the plaintiff's opinions of her own performance because "[i]t is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff") (internal quotation marks omitted).

4

The Plaintiff also disputes that she acted "rude and unprofessional" to a very important customer on one occasion and asserts that her prior job performance in a different position should have been considered. However, the Plaintiff's prior performance reviews from when she worked in the customer service department and later as a production control clerk are irrelevant; the relevant time period to assess the Plaintiff's job performance is from January 2007, when she began her new position as calibration lab clerk, to April 2007, when she was terminated from that position. *See Warch,* 435 F.3d at 518; *Lovelace v. Sherwin-Williams Co.,* 681 F.2d 230, 244 (4th Cir. 1982) (stating that the further back in time a court looks to evaluate an employee's performance, the more removed the evidence is from the time of termination).

During the time in question, the evidence shows that the Plaintiff was unable to perform simple word processing and spreadsheet tasks, and made billing errors on more than one occasion. Further, the Plaintiff's direct supervisor and the Director of Engineering and Quality Assurance both aver that, within the first sixty days of her employment as calibration lab clerk, the Plaintiff failed to exhibit proficiency in the computer skills she claimed to have during her interview. The Plaintiff has failed to show that she met her employer's legitimate expectations; thus, her *prima facie* case for gender and age discrimination fails. Even assuming that she creates an issue of fact regarding her job performance, her claim still fails as set forth below.

**II.** The Plaintiff's second objection states "[t]he magistrate erred in finding that Plaintiff failed to show that her position was filled by someone outside her protected class as to the Gender and Age Discrimination claims." *Plaintiff's Objections,* p.4. Specifically, the Plaintiff states that "[i]t is apparent from the record that Plaintiff's position was held open for a time and ultimately a younger female was hired to perform many of the Plaintiff's former job duties, while under the illusion of another job description." *Id.* However, the record reveals that the calibration lab clerk

5

position was not filled after the Plaintiff was terminated. Instead, the Plaintiff's job responsibilities were dispersed among the other employees in the lab. The Plaintiff points to Jenny Stavrakas, "a younger female" who was subsequently hired for the position of *Shipping and Receiving Clerk*. However, the Plaintiff admits that Stavrakas's job description was different than hers and argues only that Stavrakas performed some of the same duties.[2] As such, there is no evidence "*adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion . . . .*" or that *her position* was filled with someone outside her protected class. *See O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 312 (1996).

**III.** The Plaintiff's third objection states "the magistrate erred in finding that Plaintiff failed to present evidence of pretext as to the Gender and Age Discrimination claims." *Plaintiff's Objections,* p.4. Based on the Court's disposition of the Plaintiff's first and second objections, this objection is irrelevant. Because the Plaintiff has presented insufficient evidence to establish a *prima facie* case of discrimination, summary judgment is appropriate on Plaintiff's claims of gender and age discrimination. However, even assuming, *arguendo,* that the Plaintiff has established a *prima facie* case, the Defendant has presented a legitimate, nondiscriminatory reason for the Plaintiff's termination: unsatisfactory job performance. The Plaintiff has failed to establish that this reason is pretextual.

---

[2] However, a review of the Calibration Lab Clerk Job Description reveals that the Plaintiff and Stavrakas performed only one similar job duty. In the Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, she claims that they "performed some of the same duties, such as invoicing, shipping, and receiving." *Id.* at 10. However, as Calibration Lab Clerk, the Plaintiff's duties were limited to the following: communicating with customers and otherwise providing excellent customer service, utilizing various computer programs, maintaining records and materials in the calibration lab, and completing order paperwork including *invoicing*. *Kirchin Dec.,* Ex. 3 (Calibration Lab Clerk Job Description).

In conclusory fashion, the Plaintiff argues that the Defendant's reason for her termination was pretext for a discriminatory reason. The Plaintiff asserts that multiple comments made by various male employees in the calibration lab evidence gender discrimination and a comment made by her direct supervisor about her computer skills evidences age discrimination. She further argues that she reported these comments before her 60-day review meeting with her direct supervisor. However, the decision to terminate the Plaintiff was not made by her direct supervisor, but rather by the Director of Engineering and Quality Assurance, who had final decision-making authority with respect to employees in the calibration lab. While the Plaintiff argues that her direct supervisor "was the *de facto* final decision maker" because the decision may have been based on his recommendation (*Plaintiff's Objections,* p.5), "an employer will be liable not for the improperly motivated person who merely influences the decision, but for the person who in reality makes the decision." *Hill,* 354 F.3d at 287.

In sum, the Defendant has presented evidence of a "legitimate, non-discriminatory reason for the termination." *Warch,* 435 F.3d at 513-14. It is not the Court's role to decide "whether the reason [for the Plaintiff's termination] was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *Hawkins,* 203 F.3d at 279. Here, the Plaintiff has failed to show that the "proffered justification is pretextual," and summary judgment is appropriate as to the gender and age discrimination claims. *Mereish v. Walker,* 359 F.3d 330, 334 (4th Cir. 2004).

**IV.** The Plaintiff's fourth objection states that "[t]he magistrate erred in finding that Plaintiff failed to show that the harassment was sufficiently severe and pervasive as to the Sexual Harassment/Hostile Work Environment claim." *Plaintiff's Objections,* p.5. Specifically, the Plaintiff

claims that the plethora of comments she encountered during her short employment in the calibration lab is severe and pervasive considering the totality of the circumstances.

In this regard, the Plaintiff must establish that the environment was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton,* 524 U.S. 775, 787 (1998) (citing *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21-22 (1993)). Actionable harassment occurs when the workplace is "permeated with discriminatory intimidation, ridicule, and insult." *Harris,* 510 U.S. at 21 (internal quotation marks omitted). The Fourth Circuit has utilized a four factor approach to evaluate the totality of the circumstances in determining whether a work environment is hostile or abusive: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it was physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interfered with the plaintiff's work performance. *Connor v. Schrader-Bridgeport Int'l, Inc.,* 227 F.3d 179, 193 (4th Cir. 2000).

In the instant matter, the incidents about which the Plaintiff complains are, at most, a "limited number of incidents that are more reflective of run of the mill uncouth behavior than an atmosphere permeated with discriminatory ridicule and insult." *Racicot v. Wal-Mart Stores, Inc.,* 414 F.3d 675, 678 (7th Cir. 2005). While the comments made in the Plaintiff's presence may have been offensive to the Plaintiff and uncouth, they are not sufficiently severe and pervasive to create an objectively hostile or abusive working environment. Specifically, there is no evidence to support a finding that the comments were physically threatening or humiliating, unreasonably interfered with the Plaintiff's work performance, or created an atmosphere that was "permeated" with ridicule and insult. "Title VII is not a federal guarantee of refinement and sophistication in the workplace." *Hartsell v. Duplex Products, Inc.,* 123 F.3d 766, 773 (4th Cir. 1997). As such,

the Plaintiff's sexual harassment/hostile working environment claim is without merit, and summary judgment is appropriate.

**V.** The Plaintiff's fifth objection states that "[t]he magistrate erred in finding that Plaintiff failed to show that she engaged in protected activity as to the Retaliation claim." *Plaintiff's Objections,* p.6. To show "protected activity," a plaintiff must show that she opposed an unlawful employment practice which she reasonably believed had occurred or was occurring. *See Peters v. Jenney,* 327 F.3d 307, 320 (4th Cir. 2003). "The inquiry is therefore (1) whether [Plaintiff] 'subjectively (that is, in good faith) believed' that the [Defendant] had engaged in [an illegal practice], and (2) whether this belief 'was *objectively* reasonable in light of the facts,' a standard which we will refer to as one of 'reasonable belief.'" *Id.* at 321 (citing *Weeks v. Harden Mfg. Corp.,* 291 F.3d 1307, 1312 (11th Cir. 2002)).

The Plaintiff asserts that she opposed unlawful employment activity when she reported the inappropriate conduct of her male coworkers to Emanuel and then again to Kirchin. However, as discussed above, the comments/actions about which the Plaintiff complained do not rise to the level of actionable harassment and, thus, her complaints were not objectively reasonable in light of the facts. Because the Plaintiff has failed to show she engaged in protected activity, summary judgment is appropriate on her claim of retaliation.

**VI.** The Plaintiff's sixth and final objection states that "[t]he magistrate erred in finding that Plaintiff failed to present evidence of pretext as to the Retaliation claim." *Plaintiff's Objections,* p.6. Based on the Court's disposition of the Plaintiff's fifth objection, this objection is irrelevant. However, even assuming, *arguendo,* the Plaintiff did engage in protected activity when she reported her concerns, the Plaintiff has negated any causal connection between that activity and her termination. As discussed above, the Defendant asserts that it terminated the Plaintiff's

employment for her continued poor job performance. There is no dispute in the record that the Plaintiff's direct supervisor raised the Plaintiff's performance problems with her prior to her complaints to Kirchin about the behavior in the calibration lab. Specifically, the Plaintiff admits that her direct supervisor told her on March 21, 2007, prior to her meeting with Kirchin, that it had already been decided that she would not be working in the calibration lab after the end of the 30 day extension of her probationary period. Thus, no reasonable juror could conclude that the Defendant fabricated the issue of poor performance as a reason for terminating the Plaintiff's employment simply to hide the alleged "true" reason of retaliation. Because the Plaintiff has failed to present evidence that the Defendant's reason for her termination was pretext for a retaliatory reason, summary judgment is appropriate on this claim as well.

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge and finds that summary judgment is appropriate.

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Defendant's Motion for Summary Judgment [Docket #31] is **GRANTED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 18, 2010